**This order is SIGNED.**

**Dated: March 24, 2016**





**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**




**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF UTAH**

| In re: | Bankruptcy Number: 14-20984 |
|---|---|
| Michael Lynn Robertson, | Chapter 7 |
| Debtor. | Judge R. Kimball Mosier |

**MEMORANDUM DECISION ON MOTION FOR A DETERMINATION OF THE PRESENT STATE OF THE BANKRUPTCY ESTATE**

The debtor, Michael Lynn Robertson (Debtor) is seeking a determination of the present state of the bankruptcy estate. Specifically, the Debtor is seeking a determination that his claim against Banner Bank (Claim) has been abandoned to him. Having considered the pleadings on file and the representations and arguments of the parties, the Court determines that the Claim has been abandoned to the Debtor.

JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and (b). The Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A). Venue is appropriate under 28 U.S.C. § 1408 and § 1409.

BACKGROUND

The Debtor commenced this Chapter 7 bankruptcy case on February 3, 2014. On the same day, the Debtor filed his bankruptcy Schedules and Statement of Financial Affairs. On his Schedule B - Personal Property, category 21, the Debtor listed the following claim: “counterclaim v. Far West Bank for breach of contract, interference with business, etc”. The Debtor’s Statement of Financial Affairs at question [4] discloses the following: “Far West Bank v. Robertson collection 4th District Judgment.” Banner Bank (Bank) is the successor in interest to Far West Bank.

Kenneth A. Rushton (Trustee) was assigned as the Chapter 7 trustee in this case. The Trustee was aware of the Claim and had communications with counsel for the Bank and counsel for the Debtor regarding the Claim. The Bank did not offer to purchase the Claim from the estate or settle the Claim with the Trustee. On October 8, 2014, the Trustee filed his Chapter 7 Trustee’s Report of No Distribution (Final Report) certifying that the estate of the Debtor has been fully administered and requesting that he be discharged from any further duties as trustee. The Trustee’s final report was filed via “text entry.”[1] After the Trustee’s Final Report was filed, the Court entered its order discharging the Trustee and closing the case (Closing Order.) The Closing Order was also effected via text entry.

---

[1]A “text entry” is an entry on the court’s docket that is text-only entry, meaning that there is no separate document in the docket. The Final Report filed by the Trustee in this case is a standardized form developed by the Executive Office of the United States Trustee that is used by Chapter 7 trustees throughout the nation.

After his case was closed, the Debtor continued his state court litigation with the Bank. On December 1, 2015 the Utah Court of Appeals entered an order staying the appeal in the state court litigation. In is order staying the appeal, the Utah Court of Appeals stated,

> "As a matter of comity we are staying this appeal to allow either party to file a motion with the Bankruptcy Court to determine whether the claim involved in this appeal remains an asset of the estate or whether it was abandoned to the debtor, or alternatively, to allow the Trustee to take whatever action the Trustee believes appropriate."

On February 5, 2016, the Debtor filed his Motion For Determination of the Present State of the Bankruptcy Estate (Motion). The Debtor's case was reopened on February 8, 2016, to consider the Debtor's Motion.

ANALYSIS

The Debtor's Motion seeks a determination that the Claim was abandoned to the Debtor pursuant to 11 U.S.C. § 554(c). The Bank has objected to the Debtor's motion arguing that the Claim was not abandoned because the Trustee did not comply with the requirements of 11 U.S.C. § 544(a),[2] and the notice requirements under Federal Rule of Bankruptcy Procedure 6007 and the Court's Local Rule 6007-1. In particular, the Bank puts into question the adequacy of the notice of the Trustee's Report of No Distribution and the Court's Closing Order.

Abandonment of property of the estate is governed by § 554 which provides as follows:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

---

[2]All subsequent statutory references are to Title 11 of the United States Code unless otherwise indicated.

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> (c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
>
> (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

A. The Claim Was Not Abandoned Pursuant to 11 U.S.C. § 554(a).

The Bank is correct that the Claim was not abandoned pursuant to 11 U.S.C. § 554(a). As the Tenth Circuit Court of Appeals has held, a trustee must give 14 days notice to all creditors of a proposed abandonment before abandonment may occur.[3] In this case, the Trustee did not give notice of his proposed abandonment of the Claim and did not file a notice of abandonment of the Claim.

B. The Claim Was Abandoned Pursuant to 11 U.S.C. § 554(c).

The Bank also argues that the Claim was not abandoned under § 554(c) because notice was inadequate. The Bank's argument is without merit because neither notice of the Trustee Final Report nor notice of abandonment were required in this case. Unlike § 554(a) and (b), which clearly state "after notice and a hearing," § 554(c) does not require notice or a hearing.

The Bank's reliance on the notice requirements of Bankruptcy Rule 6007 is misplaced. Bankruptcy Rule 6007(a) clearly applies to a "notice of proposed abandonment." This rule is

[3] *Cook v. Wells Fargo Bank, N.A. (In re Cook)* 520 Fed. Appx. 697 (10th Cir. 2013) (unpublished).

applicable when the Trustee is proposing to abandon property under § 554(a).[4] This Court's Local Rule 6007-1 likewise applies only to instances where the Trustee is proposing to abandon property under § 554(a). As the comment to Local Rule 6007-1 states, the rule was adopted to provide a streamlined process for a party in interest to obtain an abandonment of property of the estate when a trustee does not what to bear the burden and expense of giving notice of a proposed abandonment. Local Rule 6007-1 does not, as the Bank suggests, create requirements that are inconsistent with or in addition to those prescribed by the federal bankruptcy statutes and rules. The provision in Local Rule 6007-1, that property remains property of the estate if a Trustee fails to endorse a notice of proposed abandonment or a notice of abandonment, simply means that the property remains property of the estate until otherwise administered. That provision does not mean that the property remains property of the estate in perpetuity.

The Bank argues that Bankruptcy Rule 9013 mandates that the Trustee give notice of a proposed abandonment but Bankruptcy Rule 9013 is not applicable to § 554(c). Bankruptcy Rule 9013 applies to written motions requesting and order from the court. Because closing a case is an administrative function, a motion and order is not required to close a bankruptcy case and § 554(c) is also effected without a motion or order. All that is required for property to be abandoned under § 554(c), is: (1) the property is scheduled under § 554(a)(1) and, (2) the property is not otherwise administered at the time the case is closed.

The Bank contends that notice of the Trustee's Final Report and the Closing Order were required to be sent to all creditors and parties in interest and because notice was not given to all

[4] The Advisory Committee Note to Fed. R. Bankr. P. 6007 specifically states "This rule does not apply to § 554(c)." Fed. R. Bankr. P. 6007(a) applies to a notice of proposed abandonment under § 554(a)."

parties in interest, the Final Report was defective for purposes of § 554(c). The Bank's position is wrong for two reasons. First, any notice requirements for a trustee's final report do not create a notice requirement under § 554(c). Second, notice of the Trustee's Final Report and the Closing Order was not required in this case. When all of the applicable statutes and rules are properly considered it is clear that, in this case, a notice of abandonment is not required in order for property to be abandoned under § 554(c).

One of a trustee's duties under § 704(9) is to file a final report and file a final account of the administration of the estate with the court. The notice requirements for the trustee's final report are dictated by Bankruptcy Rules 5009 and 2002(f)(8). Bankruptcy Rule 5009(a) states:

> (a) Cases Under Chapters 7, 12, and 13. If in a chapter 7, chapter 12, or chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered.

Bankruptcy Rule 5009(a) requires that a final report be filed and the trustee certify that the estate has been fully administered before a case is closed. The 30 day objection period in the rule does imply that notice of the final report must be given to parties in interest, but that requirement is inapplicable in this case. Bankruptcy Rule 2002(f)(8) specifically provides that the clerk or another person as the court may direct, shall give creditors notice by mail of "a summary of the trustee's final report in a chapter 7 case **if the net proceeds realized exceed $1,500**." (emphasis added). There is no requirement that a summary of the trustee's final report or notice of the trustee's final report be mailed to creditors in cases where there is no distribution. Closing a

chapter 7 case is an administrative function and there is no requirement that an order closing a case be mailed to creditors or parties in interest.

The Trustee filed his final report and account and certified that the estate was fully administered. Under Bankruptcy Rule 5009(a) there is a presumption that the estate was fully administered. Bankruptcy cases are closed pursuant to § 350(a) which provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." After the Trustee certified the Debtor's estate had been fully administered the Court discharged the Trustee and closed the case. The Claim was scheduled as required by § 521(a)(1) and was not "otherwise" administered by the Trustee at the time of closing and the Claim was therefore abandoned to the Debtor by operation of § 554(c).[5]

The Bank's reliance on *In re Cook* , is misplaced. *In re Cook* clearly addresses § 554(a) not § 554(c). *In re Cook* makes no mention of § 554(c) and the reason is apparent–The claim at issue in *Cook* was a claim for violation of the automatic stay. That claim arose postpetition and could not have been scheduled in the debtor's schedules filed under § 521(a)(1) so § 554(c) is inapplicable. Tenth Circuit has made clear that "[u]nder § 554(c), technical abandonment is necessarily the effect of the closing order... ."[6]

The Bank challenges the sufficiency of the Trustee's "text entry" Final Report and the Court's "text entry" Closing Order because they did not put the Bank on notice of the case closure. As already discussed above, notice was not required in this case, but if notice had been required, the text entries provided adequate notice to the Bank. The Final Report and Closing

---

[5] *In re Woods*, 173 F.3d 770, 776 (10th Cir. 1999).

[6] *Id.*

Order are text-only virtual docket entries. Bankruptcy Rule 5005(a)(2) provides that a court may, by local rule, permit required documents to be filed by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. Local Bankruptcy Rule 5005-2 requires documents to be filed by electronic means. The Final Report and Closing Order are documents that were filed by electronic means that are consistent with technical standards the Judicial Conference of the United States has established and are entries in this case docket.[7] The Bank's counsel received notice of the electronic filing of the Final Report on October 8, 2014 and of the Closing Order on November 10, 2014.[8]

CONCLUSION

While the Bank is correct that the Trustee did not comply with the requirements of § 554(a), the Debtor's property was abandoned to the Debtor by operation of law under § 554(c). The Debtor's counterclaims against the Bank were properly scheduled under § 521(a)(1), the Trustee certified in his Final Report that the Debtor's estate had been fully administered, and the Debtor's case was closed on November 10, 2014. Accordingly, all of the requirements for abandonment under § 554(c) have been met in this case and the Claim has been abandoned to the

---

[7] Model Local Bankruptcy Court Rules for Electronic Case Filing Endorsed by the Judicial Conference of the United States, September 2006.

[8] On November 14, 2014 the Court sent electronic notice of the Final Account of Trustee and Order Closing the case. to Steven W. Call at scall@rqn.com, docket@rqn.com; lconterio@rqn.com and Elaine Monson at emonson@rqn.com, docket@rqn.com; lconterio@rqn.com.

Debtor.[9] Because the Claim was abandoned to the Debtor on November 14, 2014, no further order is required.

______________________________End of Document___________________________________

[9]"Property abandoned under [section 554] ceases to be part of the estate. It reverts to the debtor and stands as if no bankruptcy petition was filed." *Dewsnup v. Timm*, 908 F.2d 588, 590 (10th Cir. 1990) (citations omitted).

_____ooo0ooo_____

**DESIGNATION OF PARTIES TO BE SERVED**

Service of the Foregoing Memorandum Decision on Motion for a Determination of the Present State of the Bankruptcy Estate shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

Steven W. Call scall@rqn.com, docket@rqn.com;lconterio@rqn.com

Robert Fugal robfugal@birdfugal.com, G15887@notify.cincompass.com

Paul D. Jarvis paulj@uccu.com

Penrod W. Keith pkeith@djplaw.com, khughes@djplaw.com

Elaine A. Monson emonson@rqn.com, docket@rqn.com;pbrown@rqn.com

Kenneth A. Rushton tr KRus8416@aol.com, UT01@ecfcbis.com

United States Trustee USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail -** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

Michael Lynn Robertson
544 N 880 E
Springville, UT 84663